**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

OBER CANALES,                       :
                                    :       Civil Action No. 06-4158 (RMB)
            Plaintiff,              :
                                    :
      v.                            :       **OPINION**
                                    :
ROBERT MORAN, et al.,               :
                                    :
            Defendants.             :

**APPEARANCES:**

    OBER CANALES, Plaintiff pro se
    #137353
    Atlantic County Jail
    5060 Atlantic Avenue
    Mays Landing, New Jersey 08330

**BUMB**, District Judge

Plaintiff Ober Canales ("Canales"), a state inmate currently confined at the Atlantic County Jail in Mays Landing, New Jersey, seeks to bring this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff submitted an application to proceed in forma pauperis under 28 U.S.C. § 1915. Based on plaintiff's affidavit of indigence and his prison account statements, it appears that plaintiff is qualified to proceed as an indigent. Therefore, the Court will grant plaintiff's application to proceed in forma pauperis and direct the Clerk of the Court to file the Complaint without pre-payment of the filing fee.

Having reviewed the Complaint to identify cognizable claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court concludes that the Complaint should be dismissed for failure to state a claim.

## I.    BACKGROUND

The following factual allegations are taken from Canales' Complaint, and are accepted as true for purposes of this review.

Canales asserts claims against defendants, Robert Moran, Assistant Deputy Public Defender, and the Atlantic County Office of the Public Defender.  (Complaint, Caption, and ¶ 1).  Canales alleges that defendant Moran has waited for more than 28 days for discovery and documents that must be filed within 28 days after indictment.  Canales further states that one of the decedent victims in plaintiff's criminal case was related to a person in the Public Defender's Office.  (Compl., ¶ 1).

Canales claims that these actions violate his right to due process and a fair trial in his ongoing state criminal proceedings.  He seeks an unspecified amount in money damages and injunctive relief removing the Office of the Public Defender as counsel of record to plaintiff in his state criminal matter.  (Compl., ¶ 3).

## II.    STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),

requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

The Court construes the Complaint as an action under 42 U.S.C. § 1983 because Canales is alleging that defendants have

violated his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.   ANALYSIS

Plaintiff's claims are asserted against public defender defendants alleging violations of his constitutional rights in their representation of Canales during his ongoing state criminal proceeding.  However, these defendants are not subject to liability under § 1983 because they are not state actors.

A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Co. v. Dodson, 454 U.S. 312, 325 (1981) (a public defender performing a lawyer's

5

traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

However, even if Canales had pleaded facts establishing that Mr. Moran and the Office of the Public Defender were acting under color of state law, his very general claims alleging violations of Canales' right to due process, a fair trial, and effective assistance of counsel must first be raised in Canales' ongoing state criminal case; a federal court generally will not intercede to consider issues that the plaintiff has an opportunity to raise before the state court. See Younger v. Harris, 401 U.S. 37 (1971).

The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature;  (2) the state proceedings implicate important state interests;  and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)).  Here, Canales is admittedly a pre-trial detainee in the course of ongoing state criminal proceedings; thus state proceedings implicating important state interests are currently in progress and Canales has the opportunity to raise his claims in that proceeding.  Therefore, this Court is constrained by Younger to dismiss the Complaint.

Moreover, to the extent that Canales' criminal trial is no longer pending, and he has been convicted and sentenced on the state criminal indictment, any claims of ineffective assistance of counsel[1] or violation of due process and his right to a fair trial must first be exhausted via state court remedies, *i.e.*, by

---

[1]  The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel in his defense." U.S. Const. amend. VI. Without access to counsel, a criminal defendant cannot be guaranteed a fair trial.  "The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the 'ample opportunity to meet the case of the prosecution' to which they are entitled." Strickland v. Washington, 466 U.S. 668, 685 (1984) (citation omitted).
    If a criminal defendant is not represented by counsel at trial or in critical pretrial proceedings and has not competently and intelligently waived his right to counsel, "the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty." Johnson v. Zerbst, 304 U.S. 458, 468 (1938); see also United States v. Cronic, 466 U.S. 648, 654 (1984) (holding that if a defendant has no representation of any kind, his conviction is per se invalid).

direct appeal or other available state court review; and then, if appropriate, by filing a federal habeas application to assert any violations of federal constitutional or statutory law.  Preiser v. Rodriquez, 411 U.S. 475 (1973).  There is nothing alleged in the Complaint to indicate that Canales has been convicted and sentenced on the challenged state court indictment, or that he has appealed a conviction or sentence to the New Jersey Appellate Division and exhausted his state court remedies.

Therefore, because defendants were not acting under color of state law in representing plaintiff during his ongoing state court criminal proceedings, and because any claims of ineffective assistance of counsel, violation of due process and denial of a fair trial must be asserted, first, in his ongoing state criminal proceedings, and then, in a federal habeas petition after Canales has exhausted his state court remedies, the Complaint asserting liability under § 1983 should be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## V.   CONCLUSION

For all of the reasons set forth above, the Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted at this time, pursuant to 28 U.S.C.

§§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate Order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: September 20, 2006